7

United States District Court
Southern District of Texas
FILED

JUN 13 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM E. McCOY | * | |
| | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. B-02-031 |
| | * | JURY DEMANDED |
| CAMERON COUNTY SHERIFF'S | * | |
| DEPARTMENT, ET AL | * | |

## DEFENDANT COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P. D/B/A VALLEY REGIONAL MEDICAL CENTER'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Columbia Valley Healthcare System, L.P., d/b/a Valley Regional Medical Center (hereinafter Valley Regional) which has been misnamed by the Plaintiff as Valley Hospital, Cameron County Valley Hospital, files this Answer to Plaintiff's Original Complaint, and would respectfully show unto the Court the following:

### FAILURE OF SERVICE OF PROCESS

1. Plaintiff has filed this case and it was served upon this Defendant by serving Juanita Garza, the clerical supervisor for Health Information Management of Valley Regional. Service is defective because it does not comply with Federal Rule of Civil Procedure 4(h).

### FAILURE TO STATE A CLAIM

2. Plaintiff has failed to state a cause of action against Valley Regional under his claims of civil rights violations, discrimination, personal injury or section 1983 causes of action. In Plaintiff's paragraph IV under "Defendant # 3", it fails to state any facts alleging a cause of action, fails to state any allegation of negligence or causation or the resultant damages. In paragraph V of Plaintiff's Original Complaint, Plaintiff does not state any cause of action whatsoever against Valley

Regional. Plaintiff's section 1983, discrimination and civil rights violation claims do not apply to Valley Regional because it is not a state actor.

## MOTION FOR MORE DEFINITE STATEMENT

3. Subject to and in addition to the foregoing, Valley Regional submits that Plaintiff's Original Complaint in its entirety is vague and ambiguous and does not state facts alleging a cause of action, what cause of action has been alleged against Valley Regional and Plaintiff's allegations are vague, overbroad and Valley Regional cannot prepare a proper response.

## ADMISSIONS, DENIALS AND DISCLAIMERS

4. Valley Regional does not have enough information to admit or deny Plaintiff's allegations in paragraphs I-III, all of the portions of paragraph IV except the last paragraph, paragraph VII and paragraph VIII of Plaintiff's Original Complaint.

5. For a response to the last paragraph of paragraph IV of Plaintiff's Original Complaint, Valley Regional denies that Plaintiff was seen at its hospital during the year 2000 as he has alleged and further denies that it failed in their responsibility to diagnose his condition correctly, and further denies that stitches were placed in his lower lip or that he complained of back injury at Valley Regional. Valley Regional has no record of Plaintiff being a patient during the year 2000. Valley Regional has no information as to Plaintiff's subsequent surgery and therefore cannot admit or deny that portion of the paragraph.

6. Valley Regional has no information as alleged in Plaintiff's Original Complaint paragraph V as to his incarceration or what occurred during his incarceration. Valley Regional denies that Plaintiff was taken to Valley Regional on June 3, 2000, and further denies that he was treated or even spoken to by any of Defendant's personal. Valley Regional further denies that it

discriminated against Plaintiff in any way or that it violated the law or any of Plaintiff's rights. Valley Regional has no information as to Plaintiff's subsequent surgery and therefore, cannot admit or deny that allegation.

7. Plaintiff's allegations in paragraph VI of Plaintiff's Original Complaint are denied.

## AFFIRMATIVE DEFENSES

8. If Plaintiff has injuries as alleged, which Valley Regional specifically denies, the negligence, fault or carelessness of the Plaintiff caused or contributed to cause Plaintiff's injuries and therefore, any recovery by Plaintiff is barred or should be reduced by the percentages equal to said Plaintiff's percentages of responsibility.

9. Valley Regional was not the proximate cause of the Plaintiff's injuries and should not be held liable for the acts of any other persons, including Plaintiff who is responsible therefore.

10. Valley Regional has been misidentified and misnamed. Plaintiff has sued "Valley Hospital, Cameron County Valley Hospital." This Defendant's name is as plead in its answer. Furthermore, the Plaintiff was not seen as a patient at Valley Regional as alleged and therefore, the Plaintiff may be attempting to identify some other hospital, but not this Defendant.

11. If there is a settlement by any of the co-defendants, Valley Regional requests the Court to give Valley Regional credit for any settlement pursuant to Chapter 33.001 *et. seq.* of the Texas Civil Practice and Remedies Code by allowing Valley Regional either a dollar for dollar or a percentage credit at Valley Regional's election.

12. Valley Regional would request that the Court immediately order Plaintiff to post a bond of $7,500 as required under Section 13.01 of Article 4590i, Texas Revised Civil Statutes for his failure to file an expert report with the statutory requirements of this law within 90 days of filing suit.

Furthermore, Valley Regional requests that the Court dismiss Plaintiff's claims after they have been pending for more than six months if the Plaintiff has not complied with the statutory requirements of Section 13.01 of Article 4590i of Texas Revised Civil Statutes by filing an expert report.

WHEREFORE, Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center prays that upon final hearing hereof, that Plaintiff not recover against this Defendant and that this Defendant be given judgment in its favor including costs and for such other and further relief, at law or in equity, to which this Defendant may justly show itself entitled to receive.

Respectfully submitted,

By: _____
William Gault

Attorney in Charge
Federal ID No. 14685
State Bar No. 07765050
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier

Of Counsel:

BRIN & BRIN, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier

ATTORNEYS FOR DEFENDANT
COLUMBIA VALLEY HEALTHCARE
SYSTEM, L.P. D/B/A VALLEY
REGIONAL MEDICAL CENTER

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing instrument has been forwarded to counsel as indicated below on this the 13th day of June, 2002.

Mr. William E. McCoy, Inmate #928910  
C.C.A. Venus Unit  
1100 Highway 1807  
Venus, Texas 76084

**VIA CMRRR # 7000 1670 0001 2715 6467**

Mr. Roger Hughes  
Adams & Graham, LLP  
222 E. Van Buren, West Tower  
PO Drawer 1429  
Harlingen, Texas 78551

**VIA REGULAR MAIL**

William Gault