United States District Court
Southern District of Texas
FILED

JUN 1 9 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| WILLIAM E. McCOY | ) ( |
| VS. | ) ( |
| CAMERON COUNTY SHERIFF'S DEPT., OMAR LUCIO, et al. | ) ( | 

CASE NO. B-02-031

## MOTION TO DISMISS UNDER RULE 12(b)(5) OF CAMERON COUNTY SHERIFF CONRADO CANTU

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Defendant CONRADO CANTU, one of the Defendants in the above-referenced case and files this MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS OF DEFENDANT CONRADO CANTU, IN HIS OFFICIAL CAPACITY AS CAMERON COUNTY SHERIFF and would show unto the court as follows:

### I. Statement of the Nature and Stage of the Proceedings

Plaintiff McCoy named "Cameron County Sheriff Department / Sheriff Omar Lucio" as Defendant. Omar Lucio has been replaced in the office of Cameron County Sheriff in December 31, 2000 by Conrado Cantu, who files this motion in his official capacity as Sheriff, asking that the case be dismissed under Rule 12(b)(5) as to the Cameron County Sheriff because he has not been served with process.

### II. Ground For Motion

Plaintiff alleges that he was attacked by another inmate. He was taken to a hospital for medical treatment, where he alleges the treatment he received was inadequate. He alleges that jail

personnel failed to report the attack against him to the District Attorney's Office. Plaintiff also alleges that he was discriminated against on the basis of race and gender in an unspecified manner.

Service of process was accomplished on Omar Lucio on May 30, 2002. Exhibit 1. Conrado Cantu has not been served in any capacity. Exhibit 1. Insufficiency of service of process is ground for dismissal. FED. R. CIV. P. 12(b)(5).

Respectfully submitted,

ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, Texas 78551
956-428-7495; FAX: 956-428-2954
RHughes@adamsgraham.com


By: _____
ROGER W. HUGHES
State Bar No. 10229500
Federal I.D. No. 5950
SCOTT T. CLARK
State Bar No. 00795896
Federal I.D. No. 21676
JIM DENISON
State Bar No. 05739000
Federal I.D. No. 1583

Attorneys for *Defendant* CONRADO CANTU

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this the 19th day of June, 2002.

William E. McCoy  
Sanders Estes Unit  
1100 Highway 1807  
Venus, TX 76084  

**VIA CM/RRR NO. 7001 2510 0004 2061 3310**

Mr. William Gault  
BRIN & BRIN  
1325 Palm Blvd., Suite A  
Brownsville, TX 78520  

_____  
Scott T. Clark

AO 440 (Rev. 10/93) Summons in a Civil Action

CAB-02-31 (5)

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE May 30, 2002 |
| NAME OF SERVER (PRINT) Robert Aguilar | TITLE Deputy U.S. Marshal |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the third-party defendant. Place where served: Mercedes Police Department

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
  Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

United States District Court
Southern District of Texas
FILED

JUN 0 5 2002

Michael N. Milby
Clerk of Court

☐ Other (specify): _____

**STATEMENT OF SERVICE FEES**

| TRAVEL 14.60 | SERVICES 45.00 | TOTAL 59.60 |
|---|---|---|

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on May 30, 2002      *Robert Aguilar*
               Date               Signature of Server

600 E. Harrison Rm. 1032, Brownsville, Texas 78521
Address of Server

The summons was served on Omar Lucio on May 30, 2002 at 9:45 a.m. at the Mercedes Police Department in Mercedes, Texas. The summon was served by one Deputy U.S. Marshal and the roundtrip mileage for this process was 40 miles.

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.