IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 9 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| WILLIAM E. McCOY | ) ( |
| VS. | ) (    CASE NO. B-02-031 |
| CAMERON COUNTY SHERIFF'S DEPT., OMAR LUCIO, et al. | ) ( |

### DEFENDANT LUCIO'S MOTION TO DISMISS UNDER RULE 12(b)(6) BASED ON QUALIFIED IMMUNITY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Defendant OMAR LUCIO, one of the Defendants in the above-referenced case and files this DEFENDANT LUCIO'S MOTION TO DISMISS UNDER RULE 12(b)(6) BASED ON QUALIFIED IMMUNITY and would show unto the court as follows:

### I. Statement of the Nature and Stage of the Proceedings

Plaintiff William E. McCoy has sued former Cameron County Sheriff Omar Lucio, officer Mary Garcia, and Valley Hospital, presumably under 42 U.S.C. § 1983, asserting claims arising from events occurring while he was an inmate at the Cameron County jail. Defendant Lucio moves to dismiss any federal claims in the complaint under Rule 12(b)(6) based on his qualified immunity, and moves that Plaintiff be ordered to reply to his defense of qualified immunity under Rule 7(a). He further moves to dismiss any state law claims that may be alleged based on Texas Civil Practice and Remedies Code section 101.106.

## II. Plaintiff's Complaint

McCoy alleges that he was assaulted in Cameron County jail by another inmate. He alleges that jail officials took him to defendant Valley Hospital for treatment, where he received stitches and pain medication, but his condition was not correctly diagnosed and he later underwent back surgery necessitated by injuries suffered in the assault by the other inmate. He alleged that defendant Garcia was indifferent to his desire to press charges against his attacker, telling him the matter "had been taken care of" when in fact the Cameron County District Attorney's Office had no record of a referral. McCoy does not allege any particular acts by defendant Lucio, but rather alleges that Lucio neglected his duties to maintain the security and safety of inmates in the Cameron County jail and to report all criminal activity to the District Attorney. McCoy also alleges that the defendants discriminated against him based on race and gender in an unspecified manner.

## III. Standard of Review

Under Rule 12(b)(6) the court must accept the allegations as true and must review them in the light most favorable to the plaintiff, drawing all reasonable inferences in favor of the plaintiff. *Baker v. Putnal*, 75 F.3d 190, (5th Cir. 1996). However, the complaint must state facts, not conclusions. *Guidry v. Bank of La Place*, 954 F.2d 278, 281 (5th Cir. 1992). Plaintiffs asserting section 1983 claims bear a heightened burden to plead specific facts defeating qualified immunity. *Schultea v. Wood*, 47 F.3d 1427, 1430-34 (5th Cir. 1995). The court may order the plaintiff to file a reply that states specific facts that defeat qualified immunity. FED. R. CIV. P. 7(a); *Schultea*, 47 F.3d at 1434.

## IV. Qualified Immunity of Individual Officer

The doctrine of qualified immunity shields a state official from personal liability for damages under 42 U.S.C. § 1983 when the official's exercise of discretionary authority results in a violation of an individual's federal constitutional or statutory rights, unless at the time and under the circumstances of the challenged conduct all reasonable officials would have realized that it was proscribed by the federal law on which the suit is founded. *Pierce v. Smith*, 117 F.3d 866, 871 (5th Cir. 1997). The bifurcated test for qualified immunity asks whether the plaintiff has alleged a violation of a clearly established right and, if so, whether the defendant's conduct was objectively unreasonable. *Hare v. City of Corinth*, 135 F.3d 320, 325 (5th Cir. 1998). Currently applicable constitutional standards govern the first prong of the analysis. *Id.* at 326. The second prong involves two separate inquiries: whether the allegedly violated constitutional rights were clearly established at the time of the incident; and, if so, whether the conduct of the defendants was objectively unreasonable in the light of that then clearly established law. *Id.* at 326; *Palmer v. Johnson*, 193 F.3d 346, (5th Cir. 1999).

## V. Standards for Suing Jailers for Inmate - On - Inmate Attack

The Eighth Amendment encompasses an inmate's right to be protected from harm by fellow inmates. *Farmer v. Brennan*, 511 U.S. 825, 833, 128 L. Ed. 2d 811, 114 S. Ct. 1970 (1994). For pretrial detainees, the same right arises from the substantive due process protections of the Fourteenth Amendment. *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996).

Regarding convicted inmates, prison officials violate this right only when they exhibit a "deliberate or callous indifference" to an inmate's safety. *Davidson v. Cannon*, 106 S. Ct. 668, 670-71 (1986). The same "deliberate indifference" standard applies where a pre-trial detainee complains about an "episodic" act or omission. *Hare*, 74 F.3d at 642, 644; *see also Hare*, 135 F.3d 320, 326-27 (5th Cir. 1998). To find that an official is deliberately indifferent, it must be proven that the official knows of and disregards an excessive risk to inmate health or safety. *Hare*, 74 F.3d at 648 (*citing Farmer v. Brennan*, 114 S.Ct. at 1970, 1977, 1984 (1994)). This is a subjective standard requiring that the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* This is a higher standard than either negligence or gross negligence. *Hare*, 74 F.3d at 645.

A different analysis applies where the complaint concerns jail conditions resulting from the rules, practices, and restrictions set by the jailers. *Hare*, 74 F.3d at 634. In those cases, courts examine whether the rule, practice, or restriction is reasonably related to a legitimate goal or whether it is an arbitrary or purposeless burden that has the unconstitutional effect of punishing one before he is convicted. *See Hare*, 74 F.3d at 639, 642 (*citing Bell v. Wolfish*, 99 S.Ct. 1861, 1872-74 (1979). Where the pretrail detainee is unable to point to a rule, restriction, or otherwise demonstrate the existence of an identifiable intended condition or practice, the complainant must establish "deliberate indifference." *Hare*, 74 F.3d at 645. The "deliberate indifference" test does not afford any lesser protection

than the "rational relationship" test because, properly applied, the "reasonable relationship" test is functionally equivalent to the "deliberate indifference" test. *Hare*, 74 F.3d at 642.

## VI. Defendant Lucio Was Not Aware of a Substantial Risk

Because Plaintiff does not fault any rule, practice, or restriction, his is an "episodic" complaint requiring a showing of "deliberate indifference." Plaintiff's complaint fails to plead facts that, if accepted, would establish deliberate indifference. Plaintiff alleges that he was assaulted by a fellow inmate, but does not allege any facts indicating that defendant Lucio was actually aware of a substantial risk of serious harm. Indeed, plaintiff does not even allege facts indicating that Lucio *should have* known of a substantial risk of serious harm.

*Olabisiomotosho v. City of Houston*, 185 F.3d 521 (5th Cir. 1999) is instructive. In that case the plaintiff was a pretrial detainee, arrested based on outstanding warrants. The plaintiff suffered from severe asthma and told the officers escorting her to the jail that she would need them to slow down or she would need to see a doctor. The arresting officers told the booking officers that she was asthmatic. In jail, the plaintiff was "coughing really bad and wheezing really loud," and asked jail officials for medical attention for her asthma, but she was refused. No medical screening was ever performed. When she appeared in court the next morning she was unable to stand upright and explained to the judge that she was suffering from asthma and needed medical attention, which had not been provided. The judge ordered a guard to take her to the medical clinic. Instead, the guard placed her in a holding area and later took her to an eating area, where she fainted. Only then was she taken

to a hospital, where she lapsed into a coma and temporarily lost her sight. The Fifth Circuit held that none of the jail officials were aware of a substantial risk of serious harm, and, therefore, did not act with deliberate indifference. *Id.* at 527-28.

If there was no knowledge of a substantial risk in *Olabosiomotosho*, then the requisite knowledge is certainly lacking in this case. In this case, there are no facts whatsoever indicating that Lucio was aware of a substantial risk of serious harm posed by a potential attack by another inmate.

## VII. Plaintiff's Claim Regarding Reporting the Assault Does Not Allege Violation of a Clearly Established Federal Constitutional or Statutory Right

Defendant Lucio asserts that plaintiff enjoyed no right under federal constitutional or statutory law to have Defendant report the alleged attack. Plaintiff does not articulate any life, liberty, or property right that he was deprived of by the alleged failure to report the alleged crime so as to implicate the protections of the Fourteenth Amendment. Plaintiff has no liberty or property right in having the sheriff cause the prosecution of the alleged assailant. If the prosecutor had declined to press charges, this would not deprive Plaintiff of any liberty or property right; he has no liberty or property right to the prosecution of the alleged assailant. Therefore, he has no liberty or property right to have the Sheriff report the alleged offense. Alternatively, he alleges no facts that the failure to report the offense proximately cause injury to his liberty or property, or that it caused him any injury at all.

Alternatively, Defendant asserts that any such right was not clearly established when the alleged incident occurred on June 3, 2000. Because plaintiff had no federal right to have the alleged crime reported, he fails to state a claim under section 1983.

Furthermore, plaintiff fails to allege any facts indicating that Lucio was aware of the alleged assault or played any role in the alleged failure to report it. Lucio cannot have known that he was violating a clearly established right in not reporting the attack when he was not even aware of the attack. Although plaintiff alleges that Lt. Garcia was aware of the alleged attack, defendant Lucio cannot be liable for the action of his subordinate solely on the basis of vicarious liability. *Barksdale v. King*, 699 F.2d 744, 746 (5th Cir. 1983).

To be liable under section 1983, a sheriff must be either personally involved in the acts causing the deprivation of constitutional rights, or there must be a causal connection between an act of the sheriff and the constitutional violation. *Irby v. Sullivan*, 737 F.2d 1418, 1425 (5th Cir. 1984). A "causal connection" is established where the constitutional deprivation results from the implementation of the sheriff's affirmative wrongful policies by his subordinates, or where the neglect of an affirmative duty under state law causes the constitutional deprivation. *Id.* Plaintiff does not allege any personal involvement by defendant Lucio, nor is there any indication of an affirmative policy that jailhouse crimes not be reported. *See id.* (sheriff not liable where he was not personally involved and there was no evidence of a policy of depriving constitutional rights).

### VIII. Plaintiff Fails to State a Claim for Race or Gender Discrimination

Plaintiff's complaint baldly asserts that he was discriminated against based on race and gender, without any elaboration on the alleged discrimination. Such conclusory pleadings do not state a claim upon which relief can be granted. *Guidry*, 954 F.2d at 281.

Nor does Plaintiff's complaint suffice to allege the denial of Equal Protection based on race or gender. The central focus of an Equal Protection claim is that state officials have treated similarly situated groups differently because of membership in a protected class, e.g., race, sex, etc. *Sammad v. City of Dallas*, 940 F.2d 925, 941 (5th Cir. 1991). To survive Rule 12(b)(6) the petition must do more than state legal or constitutional conclusions that the conduct violates Equal Protection. *Angel v. City of Fairfield*, 793 F.2d 737, 739 (5th Cir. 1986). An Equal Protection claim must be plead with specificity in order to eliminate "short-gun pleading" of such claims. *Hynson v. City of Chester Legal Dept.*, 864 F.2D 1026, 1031, n.13 (3rd Cir. 1988).

First, Plaintiff must allege membership in one of two similarly situated groups that the State has treated differently. *Samaad*, 940 F.2d at 941; *Judge c. City of Lowell*, 160 F.3d 67, 75 (1st Cir. 1998). The complaint fails unless it alleges the existence of similarly situated groups that are actually treated differently. *Samaad*, 940 F.2d at 941. A failure to plead there are similar persons who are actually treated differently requires dismissal. *See, e.g., Samaad*, 940 F.2d at 942 (Equal Protection claim failed when plaintiffs failed to claim there was a non-minority neighborhood that was treated differently); *Pedraza v. Meyer*, 919 F.2d 317, 318 n.1 (5th Cir. 1990) (drug addicted prisoner failed to state Equal Protection claim for

denial of adequate medical services when he failed to allege similar prisoners received different care).

Second, the complaint must allege that the reason for the difference in treatment of similarly situated groups is on the basis of sex, race, etc. *Samaad*, 940 F.2d at 941; *Judge*, 160 F.3d at 75; *Thompson v. City of Starkville*, 901 F.2d 456, 168 (5th Cir. 1990); *Hennigh v. City of Shawnee*, 155 F.3d 1249, 1257 (10th Cir. 1998).

Third, the discrimination on the basis of race or sex must be intentional; *Personnel v. Administrator v. Feeney*, 442 U.S. 256, 279, 99 S.Ct. 2282, 2296, 60 L. Ed. 2d 870 (1979). The complaint must allege in fact specific allegations that the state officials acted "because of" sex or race, not "in spite of" this factor. *Judge*, 160 F.3d at 75. Plaintiff's complaint falls short of all these requirements.

### IX. Plaintiff's complaints regarding the adequacy of his medical care pertain only to Valley Hospital

The facts pleaded in plaintiff's complaint indicate that Cameron County jail personnel took him to Valley Hospital for treatment of his injuries. He alleges that the medical care he received from Valley Hospital was inadequate. However, his complaint does not allege any indifference to his medical needs by jail personnel.

### X. State Law Claims are Barred by Texas Civil Practice and Remedies Code Section 101.106.

Texas Civil Practice and Remedies Code section 101.106 provides that a judgment in an action against a governmental unit bars any suit over the same subject matter against employees of that governmental unit. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106

(Vernon 1997). Section 101.106 is triggered by any judgment, even a judgment in favor of the governmental unit. *Dallas County MHMR v. Bossley*, 968 S.W.2d 339, 343-44 (Tex. 1998). The office of Sheriff is a "governmental unit" under the statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. §101.001(2)(D) (Vernon 1997).

Section 101.106 provides that *any* action against the official is barred, and therefore gives the officer immunity from suit. *Newman v. Obersteller*, 960 S.W.2d 621, 623 (Tex. 1997). Therefore, when the governmental unit is dismissed, section 101.106 bars any state law claim against the official. *Holland v. City of Houston*, 41 F.Supp.2d 678, 716 (S.D. Tex. 1999); *Beasley v. Clark*, 986 S.W.2d 256, 257 (Tex. App.--Houston [1st Dist.] 1998, no pet.).

At some point, there will be a disposition of the claims against the office of Cameron County Sheriff. Therefore, keeping Lucio in the case is superfluous. He will have to be dismissed, whether or not plaintiff prevails against the Sheriff's Office. *See, e.g., Gonzalez v. El Paso Hosp. Dist.*, 940 S.W.2d 793, 795 (Tex. App.--El Paso 1997, no writ). Because he will have to be dismissed at some point, there is no reason to retain him in the suit.

> Respectfully submitted,
>
> ADAMS & GRAHAM, L.L.P.
> P. O. Drawer 1429
> Harlingen, Texas 78551
> 956-428-7495; FAX: 956-428-2954
> RHughes@adamsgraham.com
>
> By: _/s/ Roger W. Hughes_
> ROGER W. HUGHES
> State Bar No. 10229500
> Federal I.D. No. 5950

SCOTT T. CLARK
State Bar No. 00795896
Federal I.D. No. 21676
JIM DENISON
State Bar No. 05739000
Federal I.D. No. 1583

Attorneys for *Defendant* OMAR LUCIO

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this the 19th day of June, 2002.

William E. McCoy
Sanders Estes Unit
1100 Highway 1807
Venus, TX 76084

**VIA CM/RRR NO. 7001 2510 0004 2061 3310**

Mr. William Gault
BRIN & BRIN
1325 Palm Blvd., Suite A
Brownsville, TX 78520

Scott T. Clark