United States District Court
Southern District of Texas
ENTERED
AUG 1 2 2002
Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM E. McCOY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-031 |
| | § | |
| CAMERON COUNTY SHERIFF'S | § | |
| DEPARTMENT et.al, | § | |
| Defendants. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

Plaintiff William E. McCoy alleges that he was assaulted by a Hispanic inmate while confined in the Cameron County jail on June 3, 2000. McCoy claims that jail officials took him to Defendant Columbia Valley Healthcare System-Valley Regional Hospital (Valley Regional) for treatment, where he received stitches and pain medication. McCoy's condition was not correctly diagnosed and he later underwent back surgery necessitated by the injuries suffered in the assault by the other inmate. McCoy alleges that Defendant Lieutenant Mary Garcia (Lt. Garcia) was indifferent to his desire to press charges against his attacker, telling him the matter "had been taken care of" when in fact the Cameron County District Attorney's Office had no record of a referral.

McCoy raises claims under 42 U.S.C § 1983 against four Defendants. McCoy alleges that:

> (1) Defendant Sheriff Omar Lucio, neglected his duties to maintain the security and safety of inmates in the Cameron County jail and to report all criminal activity to the District Attorney. Omar Lucio has been replaced in the office of Cameron

>County Sheriff by Defendant Conrado Cantu;
>
>(2) Defendant Lt. Garcia discriminated against McCoy by ignoring his request to press charges against the inmate that allegedly assaulted him;
>
>(3) Defendant Valley Regional failed in their responsibility to diagnose McCoy's condition correctly; and
>
>(4) Defendants discriminated against him based on race and gender. Specifically, McCoy alleges that the Defendants have violated his rights by discriminating against a non-Hispanic prisoner.

McCoy claims that the Defendants' actions have discriminated against his rights and that they have failed in their responsibility to protect him while confined under their care and control. Defendants assert that they are entitled to qualified immunity from suit.

## ANALYSIS

### Qualified Immunity

To the extent the Defendants are sued in their individual capacities, they are protected by the doctrine of qualified immunity.[1] "The doctrine of qualified immunity shields public officials like the [defendants] from damages actions unless their conduct was unreasonable in light of clearly established law."[2] In order to overcome this defense, McCoy must prove that the Defendants violated "clearly established statutory or constitutional rights of which a reasonable person would have known."[3]

---

[1] See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1983).

[2] Elder v. Holloway, 510 U.S. 510, 512 (1994).

[3] See Harlow, 457 U.S. at 818; Anderson v. Creighton, 483 U.S. 635, 641 (1987); Bennet v. City of Grand Prairie, 883 F.2d 400, 408 (5th Cir. 1989).

It is the Plaintiff's burden to overcome the Defendant's qualified immunity.[4] McCoy is held to a heightened pleading standard and must allege with particularity all material facts establishing his right to recovery, including facts which negate the official's qualified immunity defense.[5] Furthermore, he must do so by asserting something more than conclusory allegations.[6]

Most importantly, the first hurdle that McCoy must clear is to state a claim of constitutional dimension.[7] Plaintiff McCoy has failed to do so in his original complaint or any other pleadings he has filed over the course of this action. McCoy has not overcome the Defendants' assertion of qualified immunity, as is his burden.

Constitutional Violations

To fall under § 1983, the conduct complained of must have been "committed by a person acting under the color of state law," and the conduct must deprive a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.[8] When a plaintiff wishes to assert a cause of action under § 1983, "there must be sufficient facts pleaded to allow the court and other defendants to understand the gravamen of the plaintiff's complaint."[9]

A review of McCoy's complaint demonstrates that it fails to allege facts sufficient to establish a claim under 42 U.S.C. § 1983. McCoy claims to have suffered a violation of his

---

[4] See Salas v. Carpenter, 980 F.2d 299 (5th Cir. 1992); Elliott v. Perez, 751 F.2d 1472, 1476-79 (5th Cir. 1985).

[5] See Jacquez v. Procunier, 801 F.2d 789, 791 (5th Cir. 1986).

[6] See e.g. Wicks v. Mississippi State Employment Services, 41 F.3d 991 (5th Cir. 1995).

[7] See Siegert v. Gilley, 500 U.S. 226, 232 (1991).

[8] Lugar v. Edmondson Oil Co. Inc., 457 U.S. 922, 937 (1982).

[9] Doherty v. City of Chicago, 75 F.3d 318, 326 (7th Cir.1996).

constitutional rights, but he fails to state with any degree of specificity the rights which were allegedly violated. McCoy's claims stem from an alleged assault by another inmate that occurred while confined in the Cameron County jail, but are based on racial and gender discrimination. McCoy provides no evidence to support his claim of gender discrimination, and only shows that the jail is predominately occupied with Hispanic inmates as evidence to support his claim of racial discrimination.

The Eighth Amendment encompasses an inmate's right to be protected from harm by fellow inmates.[10] For pretrial detainees, the same right arises from the substantive due process protections of the Fourteenth Amendment.[11] For convicted inmates, prison officials violate this right only when they exhibit a "deliberate or callous indifference" to an inmate's safety.[12] The same "deliberate indifference" standard applies where a pre-trial detainee complains about an "episodic" act or omission.[13] To find that an official is deliberately indifferent, it must be proven that the official knows of and disregards an excessive risk to an inmate's health or safety.[14] This is a subjective two-part standard requiring the official to be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists. The official must also draw the inference.[15]

---

[10] Farmer v. Brennan, 511 U.S. 825, 833 (1994).

[11] Hare v. City of Corinth, 74 F.3d 633, 639 (5th Cir. 1996).

[12] Davidson v. Cannon, 474 U.S. 344, 347-48 (1986).

[13] Hare, 74 F.3d at 642, 644; See also Hare, 135 F.3d 320, 326-27 (5th Cir. 1998).

[14] Hare, 74 F.3d at 648 (citing Farmer v. Brennan, 511 U.S. at 833-34, 847 (1994)).

[15] Id.

### Defendants Sheriff Lucio & Sheriff Cantu

Defendant Lucio was the Sheriff at the time the alleged assault took place. Defendant Cantu is the current Sherrif of Cameron County and has also been named as a defendant along with the Cameron County Sheriff's Department. In this case, there is no evidence that shows that the Defendant Lucio and the Cameron County Sheriff's Department were aware that an assault would occur, or that they failed to respond to the alleged assault. Defendant Lucio and the Sheriff's Department had no knowledge of a substantial risk to McCoy by any other inmates. Defendant Lucio and the Sheriff's Department responded to the alleged incident and provided some medical care to McCoy. There is no evidence of racial or gender discrimination against McCoy, or that any constitutional right was violated by Defendants Lucio, Cantu, or the Cameron County Sheriff's Department. McCoy fails to address with specificity that a constitutional right cognizable under § 1983 was violated, therefore, this claim should be dismissed.

### Defendant Lieutenant Garcia

McCoy claims that his request to press charges on the other inmate were ignored, however, there is no evidence that demonstrates that McCoy filed any formal grievances within the jail. Since the Plaintiff failed to exhaust any administrative remedies, this complaint should be dismissed. Even if McCoy's allegations against Defendant Garcia are true, they do not rise to a constitutional dimension under § 1983 as required, and should be dismissed.

### Defendant Valley Regional

McCoy's complaint alleges that Valley Regional failed to diagnose his injury correctly. These allegations are without merit because they are not sufficient to amount to a constitutional violation under § 1983. In addition, McCoy's complaint against Defendant Valley Regional is without merit because Valley Regional's sworn affidavit states that McCoy was not a patient at

Valley Regional during the entire year of 2000 or specifically, June 3, 2000. Therefore, the Plaintiff's complaint should be dismissed.

### RECOMMENDATION

For the reasons stated above, McCoy raises no claims that rise to a constitutional level or overcome the Defendants' immunity in which 42 U.S.C. § 1983 damages may be granted. Therefore, this action should be DISMISSED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[16]

DONE at Brownsville, Texas, this 12th day of August, 2002.

Felix Recio
United States Magistrate Judge

---

[16] Douglass v. United States Automobile Association, 79 F.3d 1415 (5th Cir. 1996).