United States District Court
Southern District of Texas
FILED

AUG 2 0 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| WILLIAM E. McCOY | ) |
| | ( |
| VS. | ) |
| | ( CASE NO. B-02-031 |
| CAMERON COUNTY SHERIFF'S | ) |
| DEPT., OMAR LUCIO, et al. | ( |

DEFENDANTS LUCIO AND CANTU'S OBJECTIONS TO
MAGISTRATE'S REPORT AND RECOMMENDATION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, OMAR LUCIO and CONRADO CANTU, Defendants in the above-referenced case and files this OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION and would show unto the court as follows:

### I. Certificate of Conference

The undersigned cannot confer with Plaintiff because he is incarcerated; it is assumed he is opposed to the relief requested. The undersigned has conferred with counsel for co-defendants Columbia Valley Healthcare Systems; it does not oppose the relief requested.

### II. Status of the Case

Plaintiff filed a Complaint (Dkt # 1) against Defendants alleging violations of the Eighth Amendment under 42 U.S.C. § 1983 for alleged injuries arising out of his post-conviction incarceration in the Cameron County jail. Defendant Lucio (the former Cameron County Sheriff) filed a Motion to Dismiss under Rule 12(b)(6) Based on Qualified Immunity (Dkt # 12). Defendant Cantu, in his official capacity as the current Cameron County Sheriff,

filed a Motion to Dismiss Under Rule 12(b)(5) based on lack of proper service (Dkt # 11).

On August 12, 2002, the Magistrate filed his Report and Recommendations (Dkt # 14) which recommended dismissal of the Complaint.

## II. Relief Requested

Defendants Lucio and Cantu do not oppose the Magistrates recommendation of dismissal. However, the Magistrate ruled against them on certain grounds that would support dismissal and failed to consider other grounds requiring dismissal.

Defendants request that the court (1) consider the grounds for dismissal not considered by the Magistrate and (2) sustain the other grounds for dismissal overruled by the Magistrate.

## III. Argument and Authorities

A.  <u>Reasons Requiring Defendants to Object</u>

The prevailing party must object the report's failure to make findings or recommendations in their favor or the are waived. *Henley Drilling Co. v. McGee,* 36 F.3d 143, 150-51(5th Cir. 1994). Federal Rule of Civil Procedure 6(a) applies to calculating the 10 days to file objections, so that weekends and holidays are not included in counting the 10 days.

B.  <u>Failure to Prevent Assault</u>

Plaintiff alleged an Eighth Amended claim for an assault on him be a fellow prisoner and an equal protection claim for the same event.

In addition to the grounds found by the Magistrate Judge, Defendant Lucio also claimed:

1. There was no specific claim that he was deliberately indifferent to any risk of assault or that he was personally involved or any of his acts or omissions caused the assault;

2. There was no specific claim he was deliberately indifferent to any need for medical treatment.

The Magistrate did not specifically find for him on these grounds. Defendant urges that the report be affirmed on these grounds as well.

C. <u>Failure to Report McCoy's Complaint to DA</u>

McCoy also alleged that Lt. Hernandez did not report the assault to the Cameron County District Attorney. In addition to the grounds found by the Magistrate Judge, Defendant Lucio also claimed:

1. McCoy had not liberty interest or property right to have the sheriff or his deputies report his alleged complaint to the DA;

2. Defendant Lucio was not personally involved in the alleged misconduct and no act or omission by him was the cause of the misconduct;

3. any such right was not "clearly established" law at the time of the alleged misconduct.

The Magistrate did not specifically find for him on these grounds. Defendant urges that the report be affirmed on these grounds as well.

D. <u>Failure to Serve Sheriff Cantu</u>

Defendant Lucio ceased being the sheriff of Cameron County before the suit was filed. However, Plaintiff served his complaint on Defendant Lucio as to the Cameron County Sheriff's Department on May 30, 2002 (Dkt # 5). Defendant Cantu, in his official capacity as the current sheriff, moved to dismiss based on improper service because Lucio was no longer connected with the sheriff's department (Dkt # 11).

The Magistrate did not consider this as a grounds to dismiss as to Defendant Cantu in his official capacity or as to the Cameron County Sheriff's Department. Therefore, the court should uphold dismissal on this ground. Defendant Cantu incorporates the grounds asserted in his Motion (Dkt # 11).

WHEREFORE, PREMISES CONSIDERED, Defendants Lucio and Cantu pray this court consider and sustain these objections, adopt the Magistrate's Report otherwise, and for any other relief to which they are entitled.

Respectfully submitted,

ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, Texas 78551
956-428-7495; FAX: 956-428-2954
RHughes@adamsgraham.com

By: _____
ROGER W. HUGHES
State Bar No. 10229500
Federal I.D. No. 5950
SCOTT T. CLARK
State Bar No. 00795896
Federal I.D. No. 21676

JIM DENISON
State Bar No. 05739000
Federal I.D. No. 1583

Attorneys for *Defendants* OMAR LUCIO and CONRADO CANTU

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this the 20th day of August, 2002.

William E. McCoy
Sanders Estes Unit
1100 Highway 1807
Venus, TX 76084

**VIA CM/RRR NO. 7001 2510 0000 6098 2524**

Mr. William Gault
BRIN & BRIN
1325 Palm Blvd., Suite A
Brownsville, TX 78520

_____
ROGER W. HUGHES

ADAMS & GRAHAM, L.L.P.
Objections to Magistrate's Report and Recommendation
[18-fmg] C:\FILES\C1226\MTNS&ORDS\Obj2MagstRpt

PAGE 5 OF 5