IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 2 6 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| WILLIAM E. M<sup>c</sup>COY, | § | |
| | § | |
| VS. | § | CASE NO. B-02-031 |
| | § | |
| CAMERON COUNTY SHERIFF'S | § | |
| DEPARTMENT, et al. | § | |

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATIONS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, William E. M<sup>c</sup>Coy, Plaintiff, Pro se in the above styled and numbered cause, and files this his Plaintiff's Objections To Magistrate Judge's Report And Recommendations, and in support thereof, would show the Court the following;

I.

Plaintiff is not versed in the law and therefore urges that this Honorable Court not hold these Pro se pleadings to the same stringent standards drafted by learned lawers, **HAINES VS. KERNER**, 404 U.S. 519, 92 S.Ct. 594, but that the Court construe plaintiff's pleadings with patience and liberality.



(1)

## II.

Plaintiff has been diligently seeking to obtain legal representation since before his complaint was filed. Plaintiff has written to over (55) attorneys trying to obtain legal counsel. (See Exhibit "A", Mailroom Memorandum) A Pro se litigant's case should not have been dimissed while he was actively trying to obtain counsel, **PALMER VS. CITY OF DECATUR,III.** 814 F2d 426, 428-29. Dismissal with prejudice is such a harsh penalty that it should be imposed, as a sanction, only in extreme case, **RAIFORD VS. POUNDS,** 640 F.2d 944. Especially when a case is still young, "district court must consider ..... less drastic alternative sanctions" before dismissing, **TOLBERT VS. LEIGHTON,** 623 F.2d 585. By dismissing this case with prejudice would deprive plaintiff of his day in court.

## III.
## QUALIFIED IMMUNITY AND CONSTITUTIONAL VIOLATIONS

Under Rule 12 (b)(6) the court must accept the allegations as true and must review them in the light most favorable to the plaintiff, drawing all reasonable inferences in favor of the plaintiff, **BAKER VS. PUTNAL,** 75 F.3d 190. Plaintiff is not versed in the law and has not been afforded his right to discovery, which would assist in his prosecution in this cause.

On August 1st, 2002, plaintiff with an inmates

assistance filed Interrogaties and Production of Documents with the Defendant's Attorneys, that have thus so far been unaswered.

On numerous occasions plaintiff spoke with and filed complaints to officials stating the substantial risk of serious harm, thus without discovery plaintiff is limited in his resources and without legal counsel it has placed a barrier against him.

### IV.
### CONCLUSION

Plaintiff is not versed in the law and has been diligently seeking to obtain legal representation. Due to plaintiff not being represented by legal counsel has placed a grave burden on him pleading his cause. Plaintiff has not been afforded discovery under Rules 33 and 34, Fed. R. Civ. P. which would greatly assist in his Pro se pleadings. This cause sould be heard on it's merits.

SO MOVED AND PRAYED

*William E. McCoy*
William E. McCoy,
Plaintiff/Pro se.

# SANDERS ESTES UNIT - MAILROOM
# MEMORANDUM

Date: 8/20/2002

To: Whom it may concern

From: Mailroom Supervisor, Mrs. Reeves, _C. Reeves_
(signature)

Subject: Outgoing Legal Mail to Attorneys

---

The Sanders Estes Unit Mailroom recorded Legal Mail to **Attorneys** for Offender William E. McCoy, TDCJ – ID # 928910 on the following dates;

1) 1/2/2002
2) 2/4/2002
3) 2/12/2002
4) 2/23/2002
5) 3/13/2002
6) 4/1/2002
7) 4/5/2002
8) 4/18/2002
9) 5/3/2002
10) 5/25/2002
11) 5/25/2002
12) 5/25/2002
13) 5/25/2002
14) 5/25/2002
15) 5/25/2002
16) 5/28/2002
17) 5/28/2002
18) 5/28/2002
19) 5/28/2002
20) 5/28/2002
21) 5/28/2002
22) 6/10/2002
23) 6/20/2002
24) 6/20/2002
25) 6/21/2002
26) 6/24/2002
27) 6/24/2002
28) 6/24/2002
29) 6/25/2002
30) 6/25/2002
31) 6/25/2002
32) 6/26/2002
33) 7/11/2002
34) 7/11/2002
35) 7/11/2002
36) 7/11/2002
37) 7/11/2002
38) 7/11/2002
39) 7/11/2002
40) 7/11/2002
41) 7/11/2002
42) 7/30/2002
43) 8/30/2002
44) 8/30/2002
45) 8/8/2002
46) 8/9/2002
47) 8/15/2002
48) 8/15/2002
49) 8/15/2002
50) 8/15/2002
51) 8/15/2002
52) 8/15/2002
53) 8/15/2002
54) 8/15/2002
55) 8/15/2002
56) 8/15/2002
57) __/__/2002
58) __/__/2002
59) __/__/2002
60) __/__/2002

1100 Highway 1807, Venus, Texas 76084 (972) 366-3334 ext. 2215

## UNSWORN DECLARATION

I __Mr. William E. McCoy__, T.D.C.J.-ID.# __928910__, Petitioner, Pro Se, being presently incarcerated at the __Sanders Estes__ Unit, in __Johnson__ County, Texas, declares under Penalty of Perjury that the foregoing instrument is true and correct too the best of my knowledge. Pursuant to Federal Law ( 28 U.S.C. § 1746 ) and State Law ( V.T.C.A. Civil Pratice and Remedies Code § 132.001 - 132.003 ). Executed on this day __22nd__ of __August__, __2002__.

Respectfully submitted,

*William E. McCoy*
Petitioner, Pro Se

## CERTIFICATE OF SERVICE

This is to certify that on the __22nd__ day of __August__, __20 02__. A true and correct copy of the foregoing instrument was mailed postage prepaid via U.S. Mail to the following;

1) __Mr. Michael Milby, U.S. District Clerk__
(Name & Tile)

__600 East Harrison, Room 101__
(Address)

__Brownsville, Texas 78520__
(City, State & Zip Code)

2) __Adams & Graham, Mr. Roger Hughes__
(Name & Tile)

__222 E. Van Buren, W. Tower, P.O. Box 1429__
(Address)

__Harlingen, Texas 78551__
(City, State & Zip Code)

3) __Brin & Brin, Mr. William Gault__
(Name & Tile)

__1325 Palm Blvd., Suite A__
(Address)

__Brownsville, Texas 78520__
(City, State & Zip Code)